UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Timothy Eddington, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 16-10845-LTS |
| ) | |
| Dr. B. Yeh, et al, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

May 11, 2016

SOROKIN, J.

For the reasons set forth below, the Court (1) grants plaintiff forty-two days to file a complaint and either pay the $400 filing and administrative fees or file an Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a certified copy of his prison account statement; and (2) requests that the Federal Bureau of Prisons file a Status Report addressing Eddington's current medical condition within seven (7) days of the date of this Memorandum and Order.

I. BACKGROUND

Timothy Eddington ("Eddington"), a prisoner now incarcerated at FMC Devens, brings this emergency action against two doctors and a registered nurse alleging that he has been provided with inadequate medical treatment following abdominal surgery at UMass Hospital on March 24, 2016. Eddington initiated this action on May 6, 2016, by filing (1) a one-page pleading titled "Notice to File a Preliminary Injunction & a Temporary Restraining Order and Suit in the United States District Court of Massachusetts"; (2) a three-page "Supplemental Letter

to Notice"; (3) a three-page affidavit; and (4) nineteen pages of exhibits including a proposed order.  See Docket No. 1.

Eddington seeks, among other things, a hearing and to have this Court order the defendants to: (1) assign plaintiff a companion as originally ordered by plaintiff's provider (MLP Kilduff) to assist him to Pill line and all clinical appointments, in accordance with BOP policy; (2) provide plaintiff with the adequate and timely medical care and treatment that MLP Kilduff had felt (or feels) necessary to order and request in the post-surgical care and rehabilitation process;  (3) allow plaintiff, until his medical issues are resolved, to remain in a single man cell that is equipped with a handicap accessible shower, sink and toilet; and (4) refrain from retaliation against plaintiff.  Id.  Eddington attaches a certificate of service stating that he mailed copies of the notice to several offices and individuals, including Dr. Yeh, and nurse Schilling.  Id. at p. 4.

II.    DISCUSSION

A.    Motion for Injunctive Relief

As a threshold matter, Eddington initiated this action by filing a motion seeking emergency injunctive relief.  He did not file a "complaint" in accordance with Rule 3 of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court").

Eddington will be granted additional time to file a complaint.  The record needs to be developed further before the court can assess the merits of plaintiff's claims.  Without the benefit of a response from the defendants, the Court cannot find that Eddington has shown a likelihood of success on the merits, nor shown that the harm to the defendants would not outweigh the harm

to him should injunctive relief be granted. For these reasons, the Court declines to grant ex-parte relief and will not schedule an emergency hearing at this time.

However, the Court is particularly concerned by Eddington's allegations of infection, severe abdominal pain and fear of permanent injury ("and maybe death"). See Docket No. 1-1, p. 3. Based on Eddington's allegations, the Court finds that some action is warranted at this juncture and will direct the Federal Bureau of Prisons to file a Status Report addressing Eddington's current medical condition. Based on the Status Report, the Court will decide whether a hearing on plaintiff's request for emergency injunctive relief is necessary prior to service of process on the defendants, or whether some other action is warranted.

B.  Filing Fee

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1] Plaintiff will be granted addition time either to pay the filing fees or file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the

III. CONCLUSION

Based upon the foregoing, it is hereby ORDERED that:

1. If plaintiff wishes to pursue this action, he shall, within forty-two (42) days of the date of this Memorandum and Order, file a complaint and either (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. If plaintiff fails to file a complaint and submit an *in forma pauperis* application or pay the filing fee, this action will be dismissed without prejudice. The Clerk shall provide plaintiff with Step-by-Step Guide to Filing a Civil Action and a blank Application to Proceed in District Court Without Prepaying Fees or Costs.

2. The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at FMC Devens, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date this action was filed [May 6, 2016], as well as the average monthly balance for that same period.

3. The Clerk shall send copies of Eddington's emergency motion and this Memorandum and Order to the BOP's legal counsel at FMC Devens and the Office of the United States Attorney for the District of Massachusetts and shall telephonically and/or by e-mail, apprise them of this Memorandum and Order.

4. The Court requests that the Federal Bureau of Prisons file a Status Report addressing Eddington's current medical condition within seven (7) days of the date of this Memorandum and Order.

                 SO ORDERED.

                 /s/ Leo T. Sorokin
                 Leo T. Sorokin
                 United States District Judge

---

plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).